**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-00609-DDD-CYC

ANGEL VALLE-RODRIGUEZ,

     Petitioner,

v.

ROBERT HAGAN, Denver Field Office Director of Enforcement and
    Removal Operations, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland
    Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD BLANCHE, Acting U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and
JUAN BALTAZAR, Warden of the Aurora Detention Facility,

     Respondents.[1]

---

### ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Angel Valle-Rodriguez petitions for a writ of habeas corpus directing his release from immigration detention. Doc. 1. For the following reasons, the petition is denied.

### BACKGROUND[2]

The petitioner is a thirty-four-year-old citizen of Mexico. Doc. 1 at 3, 5; Doc. 1-3 at 6, 46. The petitioner entered the United States without

---

[1]   To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2]   In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

- 1 -

inspection in September 2001, when he was nine years old, and has resided here since that time. Doc. 1 at 3, 5. The petitioner has been married to a U.S. citizen for thirteen years, and he and his wife have two U.S.-citizen children, ages six and fourteen. Doc. 1 at 5; Doc. 1-3 at 48.

In September 2025, the petitioner was arrested for driving under the influence. Doc. 1 at 5; Doc. 1-3 at 47-48. He has been released on bond in that matter, which remains pending. Doc. 1 at 5. As a result of that arrest, however, the petitioner was referred to Immigration and Customs Enforcement "as a foreign-born person requiring an ICE screening." Doc. 1-3 at 47-48. On November 6, 2025, the Department of Homeland Security issued a Notice to Appear to the petitioner, initiating removal proceedings under 8 U.S.C. § 1229a. Doc. 1 at 6; Doc. 1-3 at 2-4. That same day, the petitioner was arrested pursuant to a DHS warrant and detained. Doc. 1 at 6; Doc. 1-3 at 7, 47-48. The Notice to Appear states that the petitioner is "an alien present in the United States who has not been admitted or paroled" and charges the petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without being admitted or paroled or who arrived in the United States at an undesignated time or place.

On January 7, 2026, the petitioner had a custody redetermination hearing before an Immigration Judge, who ordered that he be released on bond. Doc. 1 at 6; Doc. 1-3 at 10-11. On January 8, 2026, the petitioner paid his bond, Doc. 1 at 6; Doc. 1-3 at 12, but DHS filed a Notice of ICE Intent to Appeal Custody Redetermination, which "automatically stays the Immigration Judge's custody redetermination decision" pursuant to 8 C.F.R. § 1003.19(i)(2), Doc. 1 at 6; Doc. 1-3 at 17. That Notice also states that "[t]he stay shall lapse if ICE does not file a notice of appeal along with the appropriate certification within ten business days of the issuance of the order of the Immigration Judge." Doc. 1-3 at 17;

*see also* 8 C.F.R. § 1003.6(c)(1). On January 21, 2026 (nine business days after the IJ's order),[3] DHS filed a Notice of Appeal. Doc. 1-3 at 14-16. That Notice of Appeal did not include the certification from a senior legal official that is required to preserve the stay. *See* 8 C.F.R. § 1003.6(c)(1); Doc. 1-3 at 14-19. On January 22, 2026 (ten business days after the IJ's order), DHS filed a second Notice of Appeal. Doc. 1-3 at 21-28, 34-40. The second Notice of Appeal included the required certification. Doc. 1-3 at 26.

On February 4, 2026, while the appeal was pending, a different IJ issued an order sua sponte vacating the first IJ's stayed order for release on bond on the basis that "the Court has no jurisdiction to set bond" pursuant to the Board of Immigration Appeals' September 2025 decision in *In re Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), which held that IJs lack authority to hear bond requests from "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Doc. 1 at 6-7, 11-; Doc. 1-3 at 42-43.

On March 18, 2026, the BIA issued an order (1) holding that the second IJ did not have jurisdiction to vacate the first IJ's order after DHS's appeal was filed, and (2) vacating the first IJ's order pursuant to *Hurtado*. Doc. 10 at 6-7 & n.1. The petitioner's removal proceedings are ongoing. Doc. 1 at 8-9; Doc. 9 at 3.

The petitioner contends that: (1) the respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A) in violation of the Immigration and Nationality Act and Administrative Procedure Act, and he is entitled to release on bond under 8 U.S.C. § 1226(a)(2)(A) as ordered by

---

[3]   January 19, 2026 was a federal holiday. *See* 5 U.S.C. § 6103(a); *Federal Holidays: 2026*, U.S. Off. of Pers. Mgmt., https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=2026 (last visited Apr. 17, 2026).

the first IJ; (2) his continued detention violates his substantive due-process rights; and (3) the respondents are violating the class-action judgment entered in *Bautista v. Santacruz* by detaining him under Section 1225(b)(2)(A), *see Bautista I*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) (vacating DHS policy to detain all applicants for admission under Section 1225(b)); *Bautista II*, — F. Supp. 3d —, No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026) (vacating *Hurtado*).[4] Doc. 1 at 2-3, 8-29; Doc. 7 at 3-4.

## APPLICABLE LAW

### I.  Habeas Corpus

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

---

[4]   The petitioner also initially argued that the stay of the first IJ's order lapsed because DHS did not timely file a notice of appeal that included the required certification, and that the stay violated his due-process rights even if it was properly invoked and preserved. *See* Doc. 1 at 2, 26-27; Doc. 7 at 3. That issue is now moot. Doc. 10 at 2.

## II. Statutory Framework Governing Immigration Detention

While removal proceedings are being adjudicated, a noncitizen may be detained pursuant to either 8 U.S.C. § 1225 or 8 U.S.C. § 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018).

Section 1225 applies to "applicants for admission," which the statute defines as an "alien present in the United States who has not been admitted or who arrives in the United States[, ]whether or not at a designated port of arrival."[5] 8 U.S.C. § 1225(a)(1). "Admitted" and "admission" mean "the lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer," 8 U.S.C. § 1101(a)(13)(A), not simply physical entry into the country. *See United States v. Gaspar-Miguel*, 947 F.3d 632, 633-34 (10th Cir. 2020) (discussing history of INA and distinction between "entry" and "admission").

Under Section 1225(b)(1), applicants for admission "arriving in the United States" and applicants for admission who have not been paroled into the United States and have not been present in the country for at least two years are subject to expedited removal proceedings if an immigration officer determines they are inadmissible on certain grounds, and they may be ordered removed "without further hearing or review" unless they demonstrate a credible fear of persecution.[6] 8 U.S.C.

---

[5]    The statutory phrase "alien . . . who arrives in the United States" is broader than the regulatory definition of "arriving alien," which is "an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. §§ 1.2, 1001.1(q); *In re Q. Li*, 29 I. & N. Dec. 66, 68 n.2 (B.I.A. 2025). The terms "alien" and "noncitizen" are synonymous. *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[6]    Those "arriving in the United States" are automatically subject to expedited removal if they are inadmissible on one of the specified grounds, while those who have been present in the United States for less than two years may be subject to expedited removal in the discretion of the Secretary of Homeland Security. 8 U.S.C. § 1225(b)(1)(A)(i) &

§ 1225(b)(1)(A)-(B); *see also Thuraissigiam*, 591 U.S. at 107-11. Applicants for admission in expedited removal proceedings are subject to mandatory detention while those proceedings are pending. 8 U.S.C. § 1225(b)(1)(B)(ii) & (iii)(IV); *see also Jennings*, 583 U.S. at 302; *Thuraissigiam*, 591 U.S. at 111. Under Section 1225(b)(2), in the case of all other applicants for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," the alien is subject to mandatory detention during the pendency of standard removal proceedings under Section 1229a.[7] 8 U.S.C. § 1225(b)(2)(A); *see also Jennings*, 583 U.S. at 287 (Section 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)"); 8 C.F.R. § 235.3(b)(1)(ii) ("An alien who was not inspected and admitted or paroled into the United States but who . . . has been . . . physically present in the United States for [two years] shall be detained in accordance with section [1225(b)(2)] for a proceeding under section [1229a]."). Noncitizens subject to mandatory detention under Section 1225(b)(1) or (b)(2) may be released on "humanitarian" parole in the discretion of the Secretary of Homeland Security,[8] but they are not entitled to a bond hearing

---

(iii)(I)-(II); *see also DHS v. Thuraissigiam*, 591 U.S. 103, 109 & n.3 (2020); 6 U.S.C. §§ 251(2), 557; 8 C.F.R. § 235.3(b)(1)(ii). Not all noncitizens subject to expedited removal are in fact placed in such proceedings, and the government has discretion to place them in standard removal proceedings under 8 U.S.C. § 1229a even if expedited removal could be applied to them. *Flores v. Barr*, 934 F.3d 910, 917 (9th Cir. 2019) (citing *In re E-R-M*, 25 I. & N. Dec. 520, 521-22 (B.I.A. 2011)).

[7]  It is an open question whether the government violates Section 1225(b)(2)(A) if it does not detain applicants for admission that fall within its purview, or if this mandatory-detention provision "must be read in light of traditional principles of law enforcement discretion." *Biden v. Texas*, 597 U.S. 785, 803 n.5, 807 (2022).

[8]  It is unsettled whether an applicant for admission who entered the country unlawfully is eligible for humanitarian parole. *Compare Texas*

before an immigration judge. *See* 8 U.S.C. § 1182(d)(5)(A) (Secretary may "parole into the United States . . . on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission"); *Biden v. Texas*, 597 U.S. at 806-07 (discussing humanitarian parole); *Jennings*, 583 U.S. at 297-98, 300 (no bond hearing).

Section 1226(a) applies to noncitizens arrested "[o]n a warrant,"[9] who may then be "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The group of noncitizens who may be arrested and detained under Section 1226(a) is not limited to applicants for admission. Noncitizens who have been admitted to the United States but are removable on various grounds—for example, an alien who was admitted on a visa that has since been revoked, or a lawful permanent resident who is convicted of certain crimes—may be arrested under Section 1226(a) and placed in removal proceedings under Section 1229a. *See* 8 U.S.C. § 1227(a) (defining classes of admitted deportable aliens). Except for certain criminal aliens,

---

*v. DHS*, 756 F. Supp. 3d 310, 317-31, 353-57 (E.D. Tex. 2024) (discussing history of INA and parole "into the United States" and holding that noncitizens who enter unlawfully may not be "paroled in place" unless they fall within certain statutory exceptions), *with Authority to Parole Applicants for Admission Who Are Not Also Arriving Aliens*, INS Legal Op. No. 98-10, 1998 WL 1806685 (1998). Noncitizens who are released on humanitarian parole may be eligible for adjustment to lawful permanent resident status without the necessity of leaving the country, as well as certain other benefits. *See Texas v. DHS*, 756 F. Supp. 3d at 324-25.

[9]   Section 1226(a) "authorizes detention only '[o]n a warrant issued' . . . leading to the alien's arrest." *Jennings*, 583 U.S. at 302; *accord Nielsen v. Preap*, 586 U.S. 392, 410 (2019) ("the need for a warrant" is a procedural requirement for arrest under Section 1226(a)). But immigration officers are authorized to arrest "any alien in the United States" without a warrant if there is "reason to believe that the alien so arrested is in the United States in violation of [the immigration laws] and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

noncitizens who are arrested and detained under Section 1226(a) are entitled to a bond hearing before an immigration judge and may be released on bond or "conditional" parole.[10] 8 U.S.C. § 1226(a) & (c); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also Jennings*, 583 U.S. at 306; *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 & n.2 (2021). Certain criminal aliens are subject to mandatory detention while their removal proceedings are pending and may not be released on bond, conditional parole, or humanitarian parole. 8 U.S.C. § 1226(a) & (c)(4).

## DISCUSSION[11]

### I. The petitioner is subject to mandatory detention under Section 1225(b)(2)(A).

The petitioner argues that subjecting him to mandatory detention under Section 1225(b)(2)(A) is unlawful.

This case is one of many filed in recent months, in this District and across the country, raising the question of whether a noncitizen who has not been lawfully admitted to the United States but who has been living in the country for some appreciable amount of time is properly subject

---

[10] Conditional parole under Section 1226(a)(2)(B) does not confer the same benefits as humanitarian parole under Section 1182(d)(5)(A), such as eligibility for adjustment to lawful permanent resident status. *Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011) (collecting cases); *Texas v. DHS*, 756 F. Supp. 3d at 355; *Singh v. Noem* (*Bachitar Singh*), No. CIV 25-1110 JB/KK, 2026 WL 146005, at *17 (D.N.M. Jan. 20, 2026) ("Conditional parole does not confer entry [and] does not alter an alien's status as an applicant for admission[.] . . . [It] is similar to bail in the criminal context."); *In re Castillo-Padilla*, 25 I. & N. Dec. 257 (B.I.A. 2010), *aff'd*, 417 F. App'x 888 (11th Cir. 2011). Only applicants for admission are eligible for humanitarian parole. *See* 8 U.S.C. § 1182(d)(5)(A) (Secretary may parole "any alien applying for admission").

[11] Because the relevant facts are not in dispute and the petitioner's challenge to detention is fundamentally legal in nature, I have determined that a hearing is not necessary in this case.

to mandatory detention under Section 1225(b)(2)(A) or may only be detained under Section 1226(a) (with the opportunity for a bond hearing) while his or her removal proceedings are pending. *See, e.g.*, *Coronado v. Sec'y, DHS*, No. 1:25-cv-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025) (noting that as of December 2025, "district courts have issued more than 700 decisions addressing the topic"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (noting that as of February 2026, "well over a thousand aliens have filed habeas corpus petitions seeking bond hearings").

The majority of district courts, including all of the judges in this District who have addressed the issue, have found that detention of noncitizens similar to the petitioner under Section 1225(b)(2)(A) is improper, and those courts have ordered that such noncitizens be provided with bond hearings under Section 1226(a) or released.[12] A "small but growing

---

[12] *See, e.g., Singh v. Baltazar* (*Gurlal Singh*), — F. Supp. 3d —, No. 1:26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026); *Abanil v. Baltazar*, — F. Supp. 3d —, No. 25-cv-4029-WJM-STV, 2026 WL 100587 (D. Colo. Jan. 14, 2026); *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2026); *Arredondo v. Baltazar*, No. 1:25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025); *Hernandez Vazquez v. Baltasar*, No. 25-cv-03049-GPG, 2025 WL 4083603 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Lira-Jarquin v. Noem*, No. 26-cv-00588-STV, 2026 WL 864190 (D. Colo. Mar. 30, 2026); *Hernandez Murillo*, No. 25-cv-04163-TPO, 2026 WL 662925 (D. Colo. Mar. 9, 2026); *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Merchan-Pacheo v. Noem*, No. 1:25-cv-03860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026); *Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Requejo Roman v. Castro*, — F. Supp. 3d —, No. 2:25-cv-01076-DHU-JHR, 2026 WL 125681 (D.N.M. Jan. 12, 2026); *Castillo v. Ybarra*, No. CIV 25-1074 JB/JFR, 2026 WL 370497 (D.N.M. Feb. 10, 2026); *Carbajal v. Wimmer*, No. 2:26-cv-00093, 2026 WL 353510 (D. Utah Feb. 9,

number of courts," however, "have reached the opposite conclusion."[13]
*Carera v. Bondi*, No. 1:26-cv-00039, 2026 WL 508084 (D.N.D. Feb. 24, 2026) (collecting cases).

_____

2026); *Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071 (W.D. Okla. Dec. 8, 2025); *Bautista I*, 813 F. Supp. 3d 1084; *Barco Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (collecting 350 district-court decisions finding for habeas petitioner and 12 denying habeas relief); *Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725 (W.D. Ky. 2025); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025); *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025); *Pacheco v. Crowley*, No. 1:26-CV-02052, 2026 WL 658890 (N.D. Ill. Mar. 9, 2026); *Avelar Ramos v. Bondi*, No. 3:26-cv-112, 2026 WL 614875 (E.D. Va. Mar. 4, 2026); *Yociris P. v. Bondi*, No. 26-cv-1080 (ECT/EMB), 2026 WL 327937 (D. Minn. Feb. 8, 2026), *abrogated by Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Lopez v. Noem* (*Roberto Lopez*), No. 3:26-CV-62-K-BN, 2026 WL 194853 (N.D. Tex. Jan. 26, 2026), *abrogated by Buenrostro-Mendez*, 166 F.4th 494; *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025), *abrogated by Avila*, 170 F.4th 1128.

[13] *See, e.g.*, *Buenrostro-Mendez*, 166 F.4th at 500 n.4 (collecting "notable exceptions"); *Cisneros v. Noem*, — F. Supp. 3d —, No. 2:25-cv-1170-HCN, 2026 WL 396300 (D. Utah Feb. 12, 2026); *Cano v. Holt*, No. CIV-25-01228-JD, 2026 WL 736461 (W.D. Okla. Mar. 16, 2026) ("Petitioner claims that 'Courts have uniformly rejected' the Government's" position, "[b]ut that is not accurate, at least not anymore."); *Chavez v. Noem* (*Ricardo Chavez*), — F. Supp. 3d —, No. CV-26-00323-PHX-MTL (JFM), 2026 WL 381618 (D. Ariz. Feb. 9, 2026) (revisiting previous holding in light of *Buenrostro-Mendez*); *Lopez v. Dir. of Enf't & Removal Operations* (*Andres Lopez*), — F. Supp. 3d —, No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026); *Rodriguez v. Olson* (*Francisco Rodriguez*), 814 F. Supp. 3d 945 (N.D. Ill. 2026); *Calderon Lopez v. Lyons* (*Calderon Lopez II*), 814 F. Supp. 3d 733 (N.D. Tex. 2026); *Chen v. Almodovar* (*Xiaoquan Chen*), — F. Supp. 3d —, No. 1:25-cv-8350-MKV, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025); *Valencia v. Chestnut*, 809 F. Supp. 3d 1064 (E.D. Cal. 2025); *Altamirano Ramos v. Lyons*, 809 F. Supp. 3d 1015 (C.D. Cal. 2025) (collecting cases); *Chavez v. Noem* (*Jose Chavez*), 801 F. Supp. 3d 1133 (S.D. Cal. 2025); *Rodriguez v. Noem* (*Miguel Rodriguez*), No. 26-cv-20772-ALTMAN, 2026 WL 804148 (S.D. Fla. Mar. 24, 2026); *Ayala v. Harper*, No. 1:26-cv-204-CLM-GMB, 2026 WL 501113 (N.D. Ala. Feb. 23, 2026); *Quizhpi-Guaman v. Searls*, No. 26-CV-71 (JLS), 2026 WL 482588 (W.D.N.Y. Feb. 19, 2026); *Alvarez-Felix v. Ramos*, No. 26-1041 (RAM), 2026 WL 438160 (D.P.R. Feb. 17, 2026);

As of this writing, only three circuit courts have addressed the question. *See Castañon-Nava v. DHS*, 161 F.4th 1048 (7th Cir. 2025); *Buenrostro-Mendez*, 166 F.4th 494; *Avila*, 170 F.4th 1128; *see also Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 24-10645, 2026 WL 496486 (11th Cir. Feb. 23, 2026) (after government initially argued petitioners were detained under Section 1226(a) but then reversed position and argued they were detained under Section 1225, declining to decide issue and instead vacating and remanding to BIA for reconsideration in light of recent authorities including *Hurtado*).

In *Castañon-Nava*, the Seventh Circuit denied a stay pending appeal of a district court's order releasing a number of individuals, finding that DHS was not likely to succeed on the merits of its argument that Section 1225(b)(2)(A) "covers any noncitizen who is unlawfully already in the United States." 161 F.4th 1048. The court analyzed the text and structure of Sections 1225 and 1226 and concluded on the preliminary record before it that Section 1225(b)(2)(A) is limited to an "applicant for admission" who is "seeking admission" to the country, and a noncitizen who is already in the country is not "seeking admission." *Id.* at 1060-63.

---

*Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602 (W.D. Tenn. Feb. 13, 2026); *Guillermo N. v. Bondi*, No. 26-258 (PAM/DLM), 2026 WL 272403 (D. Minn. Feb. 2, 2026) ("[T]he Court determines that the growing minority of district courts to reject Petitioner's argument are correct." (collecting cases)); *Hernandez v. Olson*, No. 25-cv-1670-bhl, 2026 WL 161509 (E.D. Wis. Jan. 21, 2026); *Chen v. Almodovar* (*Yinxiao Chen*), No. 25 Civ. 9670 (JPC), 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026); *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411 (D. Neb. Dec. 29, 2025); *P.B. v. Bergami*, No. 3:25-CV-02978-O, 2025 WL 3632752 (N.D. Tex. Dec. 13, 2025); *Ugarte-Arenas v. Olson*, No. 25-C-1721, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025); *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Mejia Olalde v. Noem*, No. 1:25-cv-00168-JMD, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025).

- 11 -

In *Buenrostro-Mendez*, the Fifth Circuit reversed two district-court orders granting habeas petitions and directing that the petitioners be provided with bond hearings under Section 1226(a), on the basis that the petitioners were subject to mandatory detention under Section 1225(b)(2)(A) and not eligible for bond. 166 F.4th 494. That court similarly analyzed the text and structure of the immigration statutes, as well as the statutory history and congressional intent, and concluded that an "applicant for admission" is necessarily "seeking admission," and therefore "seeking admission" is not an independent condition that must be satisfied for Section 1225(b)(2)(A) to apply. *Id.* at 498-508. And in *Avila*, the Eighth Circuit agreed with the Fifth Circuit majority's analysis in *Buenrostro*. 170 F.4th at 1133-38.

The Tenth Circuit has yet to weigh in. As recently summarized by another district court in this circuit,

> The legal questions presented are complex and evolving. . . . "[T]he INA has been compared to a 'morass,' a 'Gordian knot,' and 'King Minos's labyrinth in ancient Crete.'" Courts in this district, this circuit, and across the country have been asked to weigh in on the same or similar factual settings in this area of the law. New decisions are issued almost daily. . . . [And] no binding authority exists.

*Uzcategui v. Brooksby*, No. 4:26-cv-00020-DN-PK, 2026 WL 622751, at *5 (D. Utah Mar. 5, 2026). Accordingly, until such time as the Tenth Circuit or the Supreme Court gives an authoritative construction (or Congress clarifies the statutes at issue), I must "make [my] own, independent assessment." *Cabanas*, 2025 WL 3171331, at *5.

There are legitimate arguments on both sides, and neither construction of Section 1225 fully harmonizes all of the various related provisions of the INA. But "statutes, no matter how impenetrable, do—in fact, must—have a single, best meaning." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024). While I appreciate the analyses of the judges

in this District and elsewhere who have reached the opposite conclusion, as I have previously explained, I am persuaded that the Fifth and Eighth Circuits and the growing minority of district courts holding that Section 1225(b)(2)(A) applies to "applicants for admission" in this situation have the better interpretation of the statutory text. *See Singh v. Blanche* (*Gurmeet Singh*), No. 1:26-cv-00421-DDD-KAS, slip op. at 9-15 (D. Colo. Apr. 15, 2026), ECF No. 12.

It is undisputed that the petitioner is present in the United States and has not been lawfully admitted. The petitioner is therefore an "applicant for admission" under Section 1225. 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed . . . an applicant for admission."); *see also Avila*, 170 F.4th at 1136-37 ("In distinguishing an alien 'who has not been admitted' from one 'who arrives,' [Section 1225(a)(1)] makes clear that [the term 'applicant for admission'] applies to aliens in the nation's interior as well as at the border."). It is also undisputed that the petitioner is not in expedited removal proceedings and is not subject to mandatory detention under Section 1225(b)(1). As the Supreme Court has explained, Section 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Under Section 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." And here, an immigration officer has charged the petitioner with being inadmissible and initiated removal proceedings under Section 1229a. Doc. 1-3 at 2. Accordingly, because "the ordinary meanings of the phrases 'applicant for admission' and 'seeking admission' are the same," and the grammatical structure of Section 1225(b)(2)(A) "does not

indicate that 'seeking admission' is a separate requirement for detention under the statute," the petitioner "shall be detained" for the Section 1229a proceedings. *Avila*, 170 F.4th at 1132-38; *accord Buenrostro-Mendez*, 166 F.4th at 502-08 ("The everyday meaning of the statute's terms confirms that being an 'applicant for admission' is not a condition independent from 'seeking admission.'").

The fact that district courts have reached inconsistent outcomes in these cases is unfortunate. *See Gonzalez*, 2026 WL 413602, at *1, *13 to *14 ("DHS's policy shift and the BIA's ratification of it are, without a doubt, difficult changes for Petitioner and the multitude of other similarly situated individuals nationwide. The Court is sensitive to the impact this has on them, their families, and the ties that many of them have developed in this country."). But "absent further guidance from its reviewing courts, this Court remains duty-bound to follow its best understanding of the law, even when that means taking the less-traveled path." *Andres Lopez*, 2026 WL 261938, at *1; *see also Alvarez-Felix*, 2026 WL 438160, at *9 ("If the decision could be based purely on sympathy, a different result might be warranted."). My best understanding of the statutory scheme is that the petitioner is subject to mandatory detention under Section 1225(b)(2)(A).

The petitioner is therefore not entitled to habeas relief on the basis that detaining him under that section is unlawful under the INA or APA.

## II. The petitioner's mandatory detention does not violate due process.

The petitioner next argues that his continued detention violates the Due Process Clause of the Fifth Amendment.

As I and other courts have previously explained, however, mandatory detention under Section 1225(b) or 1226(c) during the pendency of removal proceedings does not violate noncitizens' procedural or

substantive due-process rights, absent some unreasonable delay by the government in pursuing and completing those proceedings.[14] The petitioner has been detained for approximately five-and-a-half months and has not demonstrated that there have been any unreasonable delays in the pending proceedings in immigration court.

The petitioner is therefore not entitled to habeas relief on the basis of the Due Process Clause.

### III. The *Bautista* judgment is not binding in habeas proceedings before this Court.

The petitioner last argues that the respondents violate the class-action judgment entered in *Bautista* by detaining him under Section 1225(b)(2)(A).

---

[14] *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Gaspar-Miguel*, 947 F.3d at 633-34 ("[F]or purposes of determining what level of due process rights to apply to an alien found within the United States, the relevant distinction" is "between aliens who are lawfully admitted and those who are not."); *Sierra*, 258 F.3d at 1218 ("Whatever the procedure authorized by Congress is, it is [procedural] due process as far as an alien denied entry is concerned."); *Banyee v. Garland*, 115 F.4th 928, 931-33 (8th Cir. 2024) (adopting "bright-line rule" that "the government can detain an alien for as long as deportation proceedings are still 'pending'" (emphasis omitted)); *accord Orande Ahinsha Richards v. Choate*, No. 1:25-cv-03134-DDD-STV, 2025 WL 4474703, at *4 to *7 (D. Colo. Dec. 5, 2025); *Doe v. Bondi*, No. 1:25-cv-02712-DDD-SBP, 2025 WL 3516292, at *4 to *9 (D. Colo. Nov. 4, 2025); *Giraldo Nieto v. Ceja*, No. 1:24-cv-02821-DDD-NRN, 2025 WL 4087626, at *5 to *9 (D. Colo. June 12, 2025); *Aguayo v. Martinez*, No. 1:20-cv-00825-DDD-KMT, 2020 WL 2395638, at *3 to *4 (D. Colo. May 12, 2020); *Utoliti v. Ceja*, No. 25-cv-00418-GPG-CYC, 2025 WL 2418598, at *3 to *6 (D. Colo. May 29, 2025); *Bonilla Espinoza v. Ceja*, No. 1:25-cv-01120-GPG, slip op. at 12-19 (D. Colo. May 21, 2025); *Cisneros*, 2026 WL 396300, at *6; *Bachitar Singh*, 2026 WL 146005, at *36 to *39; *see also Francisco Rodriguez*, 814 F. Supp. 3d at 959-66.

The petitioner does appear to be a member of the *Bautista* class.[15] But the Central District of California's judgment is not binding in habeas proceedings outside that district for a number of reasons. *See, e.g.*, *Calderon Lopez v. Lyons* (*Calderon Lopez I*), 813 F. Supp. 3d 692 (N.D. Tex. 2025) (C.D. Cal. "lacked authorization or jurisdiction to extend declaratory and vacatur relief to a nationwide class," and "as in any class action, the petitioner's claim here should be denied so that he can bring his claim in the same litigation as his fellow class members"); *Chen v. Almodovar* (*Changgeng Chen*), No. 25 Civ. 9995 (JPC), 2026 WL 507707, at *3 n.2 (S.D.N.Y. Feb. 24, 2026) (C.D. Cal. "itself acknowledged that . . . it could not 'order nationwide release or bond hearings for . . . class members, especially so to those confined outside th[at] judicial district'"); *Mendoza v. Raycraft*, No. 4:25cv2183, 2026 WL 507389, at *7 to *8 (N.D. Ohio Feb. 24, 2026) ("[I]f Petitioners believe that they are entitled to bond hearings by virtue of being members of the Bond Eligible Class in *Bautista*, their remedy lies before the Central District of California—not this Court."); *Godos v. Bondi*, No. 4:26-cv-00020-TWP-KMB, 2026 WL 243923, at *2 (S.D. Ind. Jan. 29, 2026) ("Because claims that 'necessarily imply the invalidity of . . . confinement' are habeas claims for which 'jurisdiction lies only in one district: the district of confinement,'" "*Bautista* and the declaratory judgment issued in that case are not binding here . . . ." (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025))); *Ramirez v. Holt*, No. 2:25-cv-00156-SCM, 2026 WL 226964,

---

[15] The *Bautista* court certified the following class:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista I*, 813 F. Supp. 3d at 1127.

at *7 (E.D. Ky. Jan. 28, 2026) (C.D. Cal. "made clear that it did not order 'habeas relief for all class members across the nation'" and "plainly did not order any kind of relief that would bind this Court"); *R.P. v. Warden, Steward Det. Ctr.*, No. 4:26-cv-42-CDL-AGH, 2026 WL 147697, at *1 n.1 (M.D. Ga. Jan. 20, 2026) ("[A]ny membership in [the *Bautista*] class has no effect on the Court's decision for several reasons."). And in any event, the Ninth Circuit has stayed the district court's judgment in *Bautista* pending appeal, "insofar as [it] extend[s] beyond the Central District of California." *Bautista v. DHS* (*Bautista III*), No. 25-7958, slip op. at 1-4 (9th Cir. Mar. 31, 2026), ECF No. 14 ("The government has made a strong showing that it is likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class. Petitioners' claims for relief sound in habeas." (citing *J.G.G.*, 604 U.S. at 672)).

The petitioner is therefore not entitled to habeas relief on the basis of the *Bautista* class action.

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 4, is **DISCHARGED**, and the Petition for Writ of Habeas Corpus, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute Markwayne Mullen, Secretary, U.S. Department of Homeland Security, in place of Respondent Kristi Noem; and (2) substitute Todd Blanche, Acting U.S. Attorney General, in place of Respondent Pamela Bondi; and

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: April 22, 2026              BY THE COURT:

_____
Daniel D. Domenico
Chief United States District Judge